IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL KLEINSCHNITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: _____ |
| | ) |
| BLUEVOYANT MANAGEMENT, LLC | ) **Jury Trial Demanded** |
| | ) **Pursuant to FRCP 38(b)** |
| Defendant. | ) |

## COMPLAINT

### NATURE OF ACTION

Plaintiff Paul Kleinschnitz claims against BlueVoyant Management LLC ("Defendant") breach of a contractual commitment to pay severance pursuant to the clear terms of an agreement dated June 3, 2021. Contrary to such terms, Defendant engaged in self-help based on Defendant's own, incorrect determination that Mr. Kleinschnitz breached restrictive covenants from an agreement that did not, in any event, excuse non-payment of severance, and such covenants, also in any event both: (a) were not breached; and (b) are unenforceable and incapable of serving as a basis for denying payment of severance, including as stated in the recent case of *Ainslie v. Cantor Fitzgerald, L.P.*, 2022 WL 18107003, at *16 (Del. Ch. Jan. 4, 2023). Despite Mr. Kleinschnitz's efforts, Defendant continues to refuse to pay the balance of what is owed, disavows a duty to do so, and has threatened aggressive litigation in response to Mr. Kleinschnitz seeking relief from a court. Left with no other option for relief, to obtain that to which he was promised, Mr. Kleinschnitz seeks judgment in his favor, including attorneys' fees, for Defendant's bad faith breach of contract.

## PARTIES

1. Paul Kleinschnitz is an individual currently residing in Colorado.

2. BlueVoyant Management, LLC ("Defendant") is a Delaware limited liability company. Defendant's registered agent is The Corporation Trust Company, at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction, specifically diversity jurisdiction, over this matter pursuant to 28 U.S.C. § 1332 because of the complete diversity of the parties and because the matter in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Defendant, as it is a citizen of the State of Delaware.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1392(b)(3) because Defendant is subject to personal jurisdiction in the District of Delaware.

## STATEMENT OF FACTS

6. In June 2021, Defendant entered into a contractual agreement with Mr. Kleinschnitz in the form attached hereto as Exhibit A (the "Severance Agreement").

7. The Severance Agreement provided for at-will employment, but stated that if Defendant terminates Mr. Kleinschnitz's employment for a reason other than a defined meaning of "Cause," "or upon **a court's** determination that you violated Sections 8(c) or (d) [*sic*] the RCA (as defined below) then you will receive as Severance Pay:

> 5.1. 6 months of your base salary at the time of your termination, but not less than $225,000, less applicable, government-required wage withholdings) [*sic*] pursuant to the Company's regular payroll practices;
>
> 5.2 six months of your Target Bonus for the year in which your employment

      is terminated, but not less than $225,000, less applicable, government-required wage withholdings, to be paid within fourteen (14) days of your last day of employment with the Company; and

      5.3      twelve months of COBRA premiums paid by the Company (or the equivalent cashed-out value).

(collectively "Severance") (emphasis added).

      8.      The "RCA" was defined as "the document titled Amended and Restated Employment Agreement with Coalfire Systems, Inc. you have provided to the Company." Defendant further stated that Defendant "does not believe that you will be in violation of Section 8 of the [RCA] . . . by accepting employment with the Company."

      9.      Defendant terminated Plaintiff's employment for a reason that Defendant did not ever claim constituted "Cause."

      10.      No court has ever determined that Plaintiff violated Sections 8(c) or (d) of the RCA.

      11.      After Defendant terminated Plaintiff's employment, Defendant started paying Mr. Kleinschnitz the severance he was owed, doing so for two of the six required months. But, with at least $150,000 still due, Defendant stopped making payments, with still no court ever determining that Plaintiff violated Sections 8(c) or (d) of the RCA.

      12.      Mr. Kleinschnitz asked Defendant for payment in full, but Defendant refused for the stated reason that Mr. Kleinschnitz's employment with his new employer supposedly breaching some covenant other than a covenant contained in the RCA, *i.e.,* one set forth in an "Award Agreement."

      13.      The Severance Agreement does not allow Defendant to stop paying severance based on any breach of the "Award Agreement."

14. The Severance Agreement does not allow Defendant to stop paying severance based on Defendant's own determination of a breach of any agreement.

15. The covenants set forth in the Award Agreement are unenforceable in any event.

16. And Mr. Kleinschnitz has never breached the covenants set forth in the Award Agreement. More specifically—though it simply is not relevant to the issue of Defendant's breach of the duty to pay Mr. Kleinschnitz—Mr. Kleinschnitz's current employer is not a "Competing Business" either as-worded in the Award Agreement or as enforceable under Delaware law.

17. Because the covenants contained in the Award Agreement are unenforceable as a matter of law, a breach (even if contractually permitted and even if committed—neither of which are true) cannot serve as a basis for refusing to pay Mr. Kleinschnitz.

18. Regardless of any breach of the Award Agreement, the Severance is owed, and Defendant is in breach by its failure to pay.

19. When Mr. Kleinschnitz was brought to the point of warning Defendant of suit if Defendant did not pay the balance of the owed Severance, Defendant threatened Mr. Kleinschnitz with counterclaims and some claim for its own attorneys' fees.

20. In so doing, Defendant cited to inapposite Colorado statutory law (citing the wrong statutory number) that does not, in any event, apply to severance, and quoted language regarding shifting fees against a person claiming under that law, which was deleted and made ineffective prior to Defendant's quoting.

21. Defendant's refusal to pay the at least $150,000 that remains due, and efforts to deter him from pursuing what he is owed, is without good faith, and in bad faith. Defendant's

tactic of forcing Mr. Kleinschnitz to incur legal fees to obtain the payment that he is owed is further in bad faith.

## COUNT I
## Breach of Contract

22. Mr. Kleinschnitz repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

23. Defendant failed to pay what it promised, in writing, as stated in the Severance Agreement, which is attached to this complaint as Exhibit A, and enforceable as to Defendant's duty to pay Severance.

24. Defendant's failure to pay is without justification.

25. Defendant's actions are in bad faith, meant to unjustly enrich Defendant at the expense of Mr. Kleinschnitz.

26. As a result of the above, Mr. Kleinschnitz has suffered and will suffer economic damages in the amount of at least $150,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Kleinschnitz prays for judgment against BlueVoyant Management LLC and in favor of Mr. Kleinschnitz, including the entire Severance that is owed to him (at least $150,000), and all other remedies this Court deems just and proper—including interest, attorneys' fees, and costs of suit.

                                                    CONNOLLY GALLAGHER LLP

                                                    */s/ Timothy M. Holly*
                                                    Timothy M. Holly (Del. Bar No. 4106)
                                                    1201 North Market Street, 20th Floor
                                                    Wilmington, Delaware 19801
                                                    Telephone: (302) 757-7300
                                                    Facsimile: (302) 757-7272
                                                    tholly@connollygallagher.com

Dated: February 17, 2023            *Attorneys for Plaintiff, Paul Kleinschnitz*